### DONLY v. FORT.

1. MOTION FOR NEW TRIAL—CHAMBERS—VOID ORDER.—A Circuit Judge has no jurisdiction to hear at chambers a motion for new trial on the ground of after-discovered evidence (Clawson *v.* Hutchinson, 14 S. C., 517); and, therefore, his order at chambers on such motion then presented, transferring the motion to the judge presiding at the next term of court, conferred no jurisdiction upon such succeeding judge in term time. And the motion having been made in court solely on the order of transfer, it could not then be considered as an original motion.

2. IBID.—JUDGMENT WITHOUT PREJUDICE.—Judgment affirmed without prejudice to appellant's right to make a proper motion on Circuit.

Before GARY, J., Lexington, June, 1893.

Action by Donly & Sease against J. C. Fort.

*Mr. G. T. Graham,* for appellant.

*Messrs. Meetze & Muller,* contra.

September 17, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. This was an action by plaintiffs against defendant on an open account. The case was submitted to a jury, who found for plaintiffs. Some time after the Court of Common Pleas for Lexington County had adjourned, the defendant gave notice that he would move before the Hon. I. D. Witherspoon, presiding judge, in Columbia, for a new trial, on after-discovered evidence, which was based on affidavit served upon counsel for plaintiffs. Judge Witherspoon was unable to hear the motion, for the reasons set forth in his order, which is as follows: "It appearing that the defendant gave notice to plaintiffs in the above entitled action that he would move before me, at Columbia, S. C., on the 17th day of April last, for a new trial, on after-discovered evidence, and the hearing of said motion was postponed from day to day, by consent of counsel, until to-day; and as the plaintiffs' counsel is not present, and as the Court of Common Pleas for Richland County is about to adjourn, and the presiding judge is about to leave the Circuit: Now, on motion of G. T. Graham, Esq., attorney for the defendant, it is ordered, that the hearing of said motion be transferred, to be heard by the Hon. Ernest Gary, presiding judge of the Court of Common Pleas, at Lexington C. H., S. C., on the 14th day of June next, or as soon thereafter as counsel can be heard. Let a copy of this order be served upon Messrs. Meetze & Muller, plaintiffs' attorneys."

The following is the order made by Judge Gary: "This is a motion for a new trial on grounds of after-discovered testimony. The motion was originally made before Judge Witherspoon at chambers, in the city of Columbia, S. C., and his honor, on the 2d day of May, 1893, passed an order transferring the motion to be heard by me at this present term of court for Lexington Co. Messrs. Meetze & Muller interpose an objection to the jurisdiction of this court in hearing the motion, and cite the case of *Clawson* v. *Hutchinson,* 14 S. C., 517, in support of their position.

After hearing argument, it is the opinion of this court: First. That Judge Witherspoon had no jurisdiction to hear this motion at chambers. Second. Judge Witherspoon not having jurisdiction to hear the matter at chambers, he could not delegate to me a power which he did not have himself. It is, therefore, ordered, that the motion be dismissed, for want of jurisdiction to hear and pass upon the same."

The appellant's exceptions are as follows: 1. Because the presiding judge erred in holding "that Judge Witherspoon had no jurisdiction to hear this motion at chambers." 2. Because the presiding judge erred in holding that "Judge Witherspoon not having jurisdiction to hear the motion at chambers, he could not delegate to me a power which he did not have himself." 3. Because, even if Judge Witherspoon did not have jurisdiction to hear this motion at chambers, as he had transferred the hearing of it to the presiding judge in open court, and as the motion came up in open court upon the affidavits which had long been served upon plaintiffs' attorney, the court should have heard the motion upon the affidavits, and, it is respectfully submitted, that the court erred in dismissing the motion for "want of jurisdiction to hear and pass upon the same."

The case of *Clawson* v. *Hutchinson*, 14 S. C., 517, shows, conclusively, that Judge Witherspoon did not have jurisdiction of the motion made before him at chambers. As Judge Witherspoon did not have jurisdiction to hear the motion at chambers, it follows, as a matter of course, that he could not pass an order upon such hearing that would have any binding efficacy. We agree with Judge Gary, that Judge Witherspoon "could not delegate to him a power which he did not have himself." The motion before Judge Gary was not presented as an original proposition, but came before him under Judge Witherspoon's order. It does not appear that notice was served, that a motion would be made before Judge Gary for a new trial on the ground of after-discovered evidence. No doubt the appellant expected that the order of Judge Witherspoon would render further notice of motion unnecessary, but as we have shown that Judge Witherspoon's order was a nullity, it could not have such effect. Appellant

had the right to have made a motion before Judge Gary upon proper notice, accompanied by affidavits, regardless of the order of Judge Witherspoon, but this he failed to do.

It is the judgment of this court, that the appeal be dismissed, and the order appealed from affirmed, but without prejudice to the right of defendant to make a motion for a new trial on the ground of after-discovered evidence, in the manner provided by law.